FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 22, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SATNAM S. RANDHAWA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARK PHILIP and MARK FOSTER,<br><br>    Defendants. | No. 4:24-CV-05027-SAB<br><br>**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS** |

Before the Court is Defendants' Partial Motion to Dismiss Pursuant to FRCP 12(b)(6), ECF No. 14. The motion was heard without oral argument. Defendants are represented by Alica Mac. Plaintiff is a prisoner at the Washington State Penitentiary who is representing himself in this matter.

Previously, the Court ordered service of Plaintiff's First Amended Complaint. ECF No. 10. Defendants now move to dismiss certain causes of actions that are mentioned in the Complaint that they allege fail as a matter of law. Plaintiff was provided Notice regarding the Motion to Dismiss on August 12, 2024, ECF No. 15, but did not file a response.

Defendants assert that Plaintiff's claims under 42 U.S.C. § 1981, 29 U.S.C. § 206; and Title VII of the Civil Rights Act do not apply to incarcerated individuals performing work within the prison as part of their sentence. The Court

**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS ~ 1**

agrees. Plaintiff's claim under § 1981 failed because he has not alleged any contractual relationship or any facts that he was denied the benefit of a contract because of his race. The Fair Labor Standards Act does not apply to incarcerated individuals working in a Washington State Correctional Facility. Finally, Plaintiff cannot state a claim pursuant to Title VII because he is not considered an employee for purposes of Title VII.

Plaintiff's claim asserted under the Washington Law Against Discrimination fails as well. Wash. Rev. Code 72.60.100 provides that "[n]o inmate compensated for work in correctional industries shall be considered as an employee or to be employed by the state or the department." The relationship between Plaintiff and the prison is penological, rather than pecuniary, and he does not fall within the purview of the WLAD with respect to his work performed in the kitchen as part of his incarceration.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Partial Motion to Dismiss Pursuant to FRCP 12(b)(6), ECF No. 14, is **GRANTED**.

2. The following claims are dismissed: (1) violation of 42 U.S.C. § 1981; (2) violation of 29 U.S.C. § 206; (3) violation of Title VII; and (4) violation of the WLAD.

//
//
//
//
//
//
//
//
//

**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS**
~ 2

3.  The remaining claims are: (1) violation of 42 U.S.C. § 1983 – 14th Amendment; (2) violation of 42 U.S.C. § 1985; and (3) violation of 42 U.S.C. § 1986.

**IT IS SO ORDERED**. The Clerk of Court Clerk is **DIRECTED** to enter this Order and provide a copy to Plaintiff and counsel.

**DATED** this 22nd day of October 2024.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS** ~ 3